IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| J. D. COLEMAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0158 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY**
**PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for writ of habeas corpus be DENIED.

I.
PROCEDURAL HISTORY

On or about January 9, 1992, petitioner was indicted for the felony offense of unlawful possession of a prohibited weapon out of the 320th Judicial District Court of Potter County, Texas. *State v. Coleman*, No. 30,757-D. Defendant pleaded guilty to the charges and, on or about June 8, 1992, the state trial court placed petitioner on three (3) years of deferred adjudication probation, and assessed a $300.00 fine. Petitioner did not seek review of the deferred adjudication order by direct appeal.

HAB54\R&R\COLEMAN-158.TIME:2

The State subsequently alleged petitioner had violated the terms of his probation and, on or about September 30, 1996, the state trial court found, pursuant to petitioner's plea of true to the probation violations, that petitioner had, in fact, violated the terms of his probation. Consequently, the state trial court revoked petitioner's deferred adjudication probation. Pursuant to his earlier guilty plea, the state trial court adjudicated petitioner guilty of the possession of a prohibited weapon offense and, apparently pursuant to an agreed punishment recommendation filed by the parties, sentenced petitioner to ten (10) years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), but entered an order suspending imposition of the sentence and placing petitioner on probation for ten (10) years. Petitioner did not seek review of the revocation of his deferred adjudication probation, the conviction, or the probated sentence by direct appeal.

On or about May 14, 1997, the State filed a report alleging petitioner had violated the terms of his probation. A motion to revoke petitioner's probation was filed on or about May 30, 1997. Petitioner apparently entered a plea of true to the alleged violations and, on or about April 2, 1998, the state trial court revoked petitioner's probation and imposed petitioner's previously assessed 10-year sentence pursuant to the parties' agreed punishment recommendation. Petitioner did not seek review of the revocation of his probation by direct appeal. Petitioner's sentence was calculated with a begin date of November 12, 1997.

According to petitioner, on or about January 10, 2002, he was granted early conditional release to mandatory supervision from his 10-year sentence of incarceration. According to petitioner, he was arrested on October 28, 2004 for a "technical violation" of his conditional release. Some time thereafter, petitioner's mandatory supervision was revoked and petitioner was returned to

TDCJ-CID to serve the remainder of his 10-year sentence. Petitioner did not seek review of the revocation of his conditional release. As of the date of this Report and Recommendation, online offender information on the TDCJ-CID website indicates petitioner has been eligible for early release to parole since February 12, 2004, and that his projected early release date to mandatory supervision is August 19, 2006.

On March 9, 2005, petitioner filed a state writ of habeas corpus which was denied by the Texas Court of Criminal Appeals without written order on May 18, 2005. *In re Coleman*, No. 61,954-01. On May 16, 2005, petitioner filed a second state writ of habeas corpus which was denied without written order by the Texas Court of Criminal Appeals on July 27, 2005. *In re Coleman*, No. 61,954-02. Petitioner initiated the instant federal application for writ of habeas corpus on May 31, 2005.[1]

II.
PETITIONER'S GROUNDS

In this federal petition for habeas corpus relief, petitioner appears to argue:

1. Petitioner's 1998 plea of true to the alleged probation violations is null and void because petitioner was not informed at the time of his plea that if he were granted early release from prison to parole, he would lose good time and street time upon any revocation of that parole;

2. Petitioner is constitutionally entitled to calendar (flat) time credit toward his 10-year sentence for time he spent out-of-prison on parole or mandatory supervision, and good time credits accrued prior to his release to parole or mandatory supervision;

3. Respondent has unconstitutionally increased the severity of petitioner's

---

[1] Petitioner attests his application was placed in the prison mailing system on May 31, 2005. Although the application was not received by this Court and filed of record until June 3, 2005, the Court will use the May 31, 2005 date as the filing date. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

    sentence because his 10-year sentence should be discharged ten (10) years
    after the date the sentence was imposed; and

4.  Respondent has illegally extended petitioner's sentence by requiring petitioner to serve his sentence in installments.

## A.
## Challenge to Plea of True

  Petitioner argues his 1998 plea of true to the alleged probation violations is null and void because petitioner was not informed at the time of his plea that if he were granted early release from prison to parole or mandatory supervision, he would lose any good time previously accrued, as well as "street time" upon any revocation of that parole.

  Any direct challenge to petitioner's 1998 plea is time barred by the 1-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).  To the extent, if any, petitioner challenges the validity of his original 1992 guilty plea in the original proceeding, such challenge is also barred by the statute of limitations.  *See Caldwell v. Dretke*, 429 F.3d 521 (5th Cir. 2005).[2]  Moreover, any failure of defense counsel or the trial court to warn petitioner of a mere possibility that he could lose and/or not receive credits for street time, contingent upon a number of variables, does not render petitioner's plea unknowing or involuntary under the United States Constitution.  Furthermore, petitioner cannot show prejudice by demonstrating he would not have pled true to the alleged probation violations if he had known of the possibility that if he were granted parole, and such parole was subsequently revoked due to his failure to abide by the conditions of that parole, that his good time and street time would be forfeited.  Petitioner's first ground should be DENIED.

---

[2] In *Caldwell*, the Fifth Circuit recently held that an order of deferred adjudication probation following a guilty plea is a final judgment for purposes of § 2244(d)(1)(A) upon the expiration of the time for seeking direct review.

B.
Street Time as Calendar Time

Petitioner maintains he is constitutionally entitled to flat time, or calendar time, for the period of time he was out-of-prison on conditional release, and that respondent's failure to credit his sentence with such time is in violation of his federal constitutional rights. Under federal law, a prisoner does not receive credit toward his calendar time for time spent on conditional release if the prisoner violates the conditions of his release. *See United States v. Newton,* 698 F.2d 770, 772 (5th Cir. 1983)*; Starnes v. Connett,* 464 F.2d 524 (5th Cir. 1972); *Betts v. Beto,* 424 F.2d 1299, 1300 (5th Cir. 1970). Similarly, Texas statutory law in effect at the time of petitioner's conditional release did not require a sentence be credited for all the time from the date of the person's release to the date of revocation. *See* Tex. Gov't Code Ann. § 508.283(c) (2002). The Texas and federal laws do not raise constitutional concerns. *Thompson v. Cockrell,* 263 F.3d 423, 426 (5th Cir. 1999) (*citing Morrison v. Johnson,* 106 F.3d 127, 129 n. 1 (5th Cir. 1997)). Petitioner therefore does not have a liberty interest grounded in either a state law or the federal Due Process Clause itself that would require respondent to credit petitioner with the street time he spent on parole. Petitioner has failed to state a federal constitutional violation in this ground so as to entitle him to federal habeas relief. Petitioner's claim should be denied.

To the extent petitioner contends he has not been awarded the "partial credit" against his sentence to which he is entitled, petitioner has not shown the Court he has completed the time dispute resolution process pursuant to section 501.0081(b) of the Texas Government Code. Further, it does not appear petitioner is entitled to a "partial credit" toward his sentence. Texas law in effect when petitioner was released to mandatory supervision and when such release was revoked,

provided that when mandatory supervision for an inmate eligible for mandatory supervision was revoked and that inmate was required to serve the remaining portion of his sentence, such portion was to be calculated <u>without credit</u> for the time from the date of the inmate's release to the date of revocation if, on the date of the issuance of a the warrant initiating the revocation process, the remaining portion of the sentence is greater than the amount of time from the date of the person's release to the date of issuance of the warrant.  Tex. Gov't Code Ann. 508.283(c) (2002).  Here, petitioner's 10-year sentence began on November 12, 1997.  According to petitioner, he was released to mandatory supervision on or about January 10, 2002, after having served approximately 4 years and 2 months of his 10-year sentence.  Petitioner avers he was arrested on October 28, 2004 for violating his conditional release.  Assuming the warrant was issued just prior to or on the date of his arrest, petitioner was on mandatory supervision for approximately 2 years and 7 months.  Consequently, petitioner would have had approximately 3 years and 3 months remaining to be served on his sentence on the date the warrant was issued.  Since the remainder of petitioner's sentence on the date of the issuance of the warrant was greater than the period of time he was on mandatory supervision, petitioner's sentence is to be calculated without credit for the time of his release to the date of his revocation, *i.e.*, his street time.  Petitioner is not entitled to relief.

### C.
### Good Time

Petitioner also contends respondent is unconstitutionally denying him credit for good time he accrued during the time he was incarcerated prior to his conditional release from prison on parole or mandatory supervision.  Texas law is clear that good conduct time applies only to eligibility for parole or mandatory supervision and does not otherwise affect an inmate's term.  Tex. Gov't Code

Ann. § 498.003. It is also clear, that upon revocation of parole or mandatory supervision, an inmate loses all good conduct time previously accrued. *See* Tex. Gov't Code Ann. § 498.004 (previously section 497.004 and Tex. Rev. Civ. Stat. art. 6181-1).[3] Upon return to the institutional division, the inmate may accrue new good conduct time for subsequent time served in the division. *Id.* Current Texas law does *not* allow the restoration of good conduct time forfeited on a revocation. *Id.* Respondent is not violating Texas law by denying petitioner credit for previous accrued good time and, thus, petitioner is not being denied any constitutional right to due process.

To the extent, if any, petitioner claims he has a protected liberty interest in his pre-parole good time credits, neither current or prior Texas law has created a protected liberty interest in such good time credits. Since 1977, Texas law has provided that good conduct time credits are a "privilege and not a right." *See* Tex. Rev. Civ. Stat. Ann. art. 6181-1, § 4 (West 1987) (now Tex. Gov't Code Ann. § 498.003). Texas case law has clarified that "good-time is not a vested right, but rather is a privilege which may be forfeited . . . by violating the guidelines of a conditional release program." *Ex parte Henderson*, 645 S.W.2d 469, 472 (Tex.Crim.App. 1983). This determination was made on the basis that the statutes have vested complete discretion with the state correctional authorities on the issue of whether good time credits forfeited upon revocation of parole or mandatory supervision were to be restored. ("The director of the institutional division may restore good conduct time forfeited on a revocation that does not involve a new criminal conviction after the inmate has served at least three months of good behavior in the institutional division, subject to rules adopted by the division." Tex. Gov't Code § 498.004). Specifically, the discretion to restore or not

---

[3] Texas statutes have provided for the forfeiture of good conduct time upon revocation of conditional release since 1977. *See Thompson v. Cockrell* 263 F.3d 423, 428 (5th Cir. 2001) (citing *Ex Parte Henderson,* 645 S.W.2d 469, 471 (Tex.Crim.App. 1983) (en banc) (citing Article 6181-1, Sec. 4, V.A.C.S. (effective August 29, 1977)).

to restore forfeited good conduct time eliminated any valid expectation of restoration as restoration of good conduct time was optional. Consequently, there was no protected liberty interest in the restoration of these good time credits. *See Hallmark v. Johnson,* 118 F.3d 1073, 1079-80 (5th Cir. 1997) (determining there is no protected liberty interest in the restoration of good time credits forfeited for disciplinary infractions because the state statutes vest complete discretion with the state correctional authorities on the issue of restoration). On September 1, 1995, Texas law was amended and removed from prison authorities any authority to restore good time credits forfeited on a revocation. (The department may not restore good conduct time forfeited on a revocation.") There is no protected liberty interest in the good time credits accrued prior to conditional release but forfeited upon revocation of conditional release. Petitioner's allegation should be DENIED.

### D.
### Increased Severity

Petitioner contends respondent is unconstitutionally increasing the severity of petitioner's sentence because his 10-year sentence should be discharged ten (10) "straight calendar" years after the date his sentence was imposed. Petitioner contends "[a]nything carrying the sentence outside of the 10 yr. period is against the Ex Post Facto laws." Petitioner's sentence was imposed on or about April 2, 1998. Ten years from such date will not occur until on or about April 2, 2008. Consequently, any claim that petitioner's sentence has not been discharged upon his completion of the sentence does not appear to be ripe for determination. Even so, the Court notes petitioner's sentence will not necessarily be discharged on April 2, 2008, simply because that date is ten (10) years from the date his sentence was imposed. In order for petitioner to fully discharge his sentence, he must serve a total of 10 <u>calendar</u> years either in prison, on successfully completed conditional

release (parole or mandatory supervision), or a combination of both. Petitioner did not successfully complete his conditional release and, as set forth previously, his sentence will not be credited with that time. As of April 19, 2006, TDCJ-CID online records indicate petitioner's discharge date is currently set for December 13, 2009. Petitioner has not demonstrated this date is in error or that he is entitled to relief.

### E.
### Installments

Petitioner contends his "sentence must be continuous and not made to be served on the installment plan." Petitioner appears to be arguing respondent's failure to credit his sentence with calendar time for his "street time" results in his sentence being served in installments, and petitioner cites the Court to the state case of *Ex Parte Morris*. In *Morris*, the Court of Criminal Appeals held: "A sentence must be continuous and a prisoner or inmate cannot be required to serve his sentence in installments, unless it is shown that a premature or unlawful release of the prisoner or inmate resulted or occurred through some fault on the part of the prisoner or inmate." *Morris,* 626 S.W.2d 754, 757-58 (Tex.Crim.App. 1982). This case held that if a prisoner or inmate is released through no fault of his own, he is entitled to credit on his sentence for the time spent at liberty. Petitioner is not entitled to relief on this ground. First, petitioner is making an argument under state law rather than federal constitutional law. Secondly, *Ex Parte Morris* involved an inmate who was <u>erroneously</u> released from prison. Since petitioner was not "erroneously released" in 2002, his case is distinguishable. Petitioner's claim is without merit and should be denied.

II.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the federal habeas corpus application filed by petitioner J. D. COLEMAN be DENIED.

III.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner and to counsel of record for respondent by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 14th day of August 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report

and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).